IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thomas M. Parkman, | C.A. No. 3:99-579-17 |
| Plaintiff, | |
| vs. | **ORDER** |
| The University of South Carolina; Dr. George D. Terry; Bobby D. Gist; Jennifer R. Ottervik; and Jeffrey R. Whitson, | |
| Defendants. | |

This matter is before the court upon plaintiff's objection to the defendants' petition for bill of costs. On March 29, 2001, this court entered summary judgment in favor of all defendants in a thirty-two page order.

On April 12, defendants filed their bill of costs, seeking the following:

1) Clerk of Court filing fee — $150.00
2) Deposition Transcripts — $1,188.65
3) Docket Fees — $20.00
4) Docket Fees — $12.50
   TOTAL           $1,371.15

The court has reviewed the record in this matter and has concluded that this case is one of those rare cases where costs should be denied to the prevailing party. Pursuant to Fed. R. Civ. P. 54(d)(1), the court has discretion to disallow costs submitted by a prevailing party. Recognized reasons for denying costs include misconduct by the prevailing party that warrants a penalty, the losing party's inability to pay, the "excessiveness" of submitted costs, the limited value of the prevailing party's victory, or the "closeness and difficulty of the issues decided." *Cherry v. Champion*

1

*International Corp.*, 186 F.3d 442, 446 (4th Cir. 1989).

In this case, the court agrees with the plaintiff that several factors constitute sufficient cause for denying defendants' costs as the prevailing parties. Initially, even though the court granted summary judgment on each cause of action, this court's thirty-two page order is repleat with findings of the defendants' misconduct toward the plaintiff. While the court ultimately concluded that the plaintiff's claims failed as a matter of law, the court found that the defendants violated applicable policies and procedures of the University, and denied the plaintiff any meaningful opportunity to address the charges against him.

The court's order also makes it clear that the issues presented in this case were both close and difficult. The court clearly struggled with its decision, and the difficulty of the issues involved. As the summary judgment order reflects, the court was highly troubled by the University official's manner of dealing with the allegations against plaintiff. Claims against other defendants were rejected solely on timeliness grounds. While plaintiff's delay in seeking legal redress as to these defendants was understandable and perhaps the better judgment, given his overriding goal of clearing his name within the University and seeking to regain his prior position, the delay was not based on reasons that would toll the running of the statute of limitations. The court, therefore, concludes that the defendants' misconduct toward the plaintiff (even though not actionable as a matter of law) constitutes grounds for refusing to assess costs against the plaintiff in this case.

For the foregoing reasons, the defendants' request for costs is denied in its entirety.

IT IS SO ORDERED,

Joseph F. Anderson, Jr.
United States District Judge

April 30, 2001
Columbia, South Carolina